## WM. P. HALL *versus* SILAS K. TRIBOU.

In an action upon a promissory note not negotiable, the defendant alleged that the note was given to the plaintiff for the partial performance of a certain contract made by him with the defendant, the other stipulations of which the plaintiff had since refused to fulfill; and the defendant claimed to prove his damages by reason of such non-fulfillment in set-off, *pro tanto*, to the note. Whether such a defence can be made, *quære.*

Proof that the plaintiff had entered into a contract with A., similar to that made by him with the defendant; that he had received of A. a note similar to the one in suit, for a similar part performance, and then had neglected to fulfill its other stipulations, is not competent evidence to show that the consideration of the note in suit grew out of the contract between the plaintiff and defendant.

The rulings of the Court, allowing evidence of the damages sustained by the defendant, for a partial non-fulfillment of the contract on the part of the plaintiff, to go to the jury to prevent a recovery, *pro tanto*, on the note, without any limitation as to whether the consideration of the note grew out of that contract, were erroneous.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

ASSUMPSIT upon a promissory note not negotiable. Plea, the general issue. The defendant introduced in evidence a contract made by the plaintiff with him, by which the former agreed to deliver to him a certain quantity of ship timber for the construction of a vessel, and suitable plank for the same purpose. The defendant admitted that the timber had been delivered according to agreement, and claimed that the note declared upon in the action was given in payment therefor. He also alleged that the plank had not been delivered as contracted for, whereby he had suffered damages to a large amount, which should be deducted from, or be allowed in set-off to the note. For the purpose of showing the origin of the note in suit to be as alleged, the defendant introduced, subject to objection, a contract similar in character to the one between these parties, entered into by the plaintiff with S. Cobb & Co. for the delivery of timber and plank, and proved the delivery of the timber under that contract, the settlement for it by the receipt of a note from S. Cobb & Co., similar to the one in suit, and the subsequent failure of the plaintiff to deliver the plank according to the other provisions of said

contract.   Other evidence was also introduced for the pur-
pose of showing that the plaintiff had not delivered the plank
to the defendant, and to establish the amount of damages sus-
tained by the defendant in consequence of such breach of the
contract on the part of plaintiff.   Several points were raised
in the case not involved in the decision of the Court, and
therefore unnecessary to be stated.   The cause was submitted
to the jury under instructions from the presiding Judge, all
material parts of which, and all additional facts necessary to
the understanding of the case, fully appear in the opinion of
the Court.

*N. H. Hubbard,* for plaintiff.

1. This action is assumpsit upon a note not negotiable, the
consideration for which had no connection with the timber
and plank contract.

Sec. 24 of c. 115 of the Revised Statutes, provides, that
"when there are mutual debts or demands between the plain-
tiff and defendant, in any action, one demand may be set off
against the other."   Sec. 25 provides, that defendant shall file
a statement of his demand on the first day of the term of the
Court at which the suit is made returnable.   And a defend-
ant in an action cannot, in his defence, avail himself of any
demands he may have against the plaintiff, unless the same be
filed by way of set-off, pursuant to the statute; or unless they
arose from an actual payment of the plaintiff's demand.   *Clark*
v. *Leach,* 10 Mass. 51; *Pillsbury* v. *Fernald,* 10 Maine, 168.

2. There is no proof that the note in suit was given for
the timber stipulated for in the contract introduced, and no
sufficient proof that the plank was not delivered according to
said contract.   The presiding Judge, therefore, erred in allow-
ing testimony in regard to damages to go to the jury without
any conditions or limitations upon these points.   He should
have instructed the jury not to consider this part of the tes-
timony at all, unless it was satisfactorily proved to them that
the note grew out of the contract.

*N. Abbot* and *Woodman,* for defendant.

The plaintiff, by his contract, which is made a part of this case, agreed to furnish and deliver to the defendant a certain quantity of timber and plank. The *timber* he furnished according to his contract; the *plank* he did not. The note was given in part payment of the *timber ;* and as the contract for the delivery of the timber and plank was *one* contract, and the plaintiff failed to deliver the plank, the damage the defendant sustained by the breach of the contract, was rightfully allowed in defence of the note, without being filed in set-off.

The note having been given in part payment for the *timber,* if the contract for the timber had been a separate and independent contract from the contract for the plank, then there might be some reason why the amount in set-off should have been filed. But the contract for the *timber* and *plank,* was entire; and it is a well settled principle, that damages sustained by the non-fulfillment of a contract, may be given in evidence under the *general issue,* to defeat a non-negotiable note given as the consideration of the contract, or in *payment* under the contract.

TENNEY, C. J.—This action is upon a note of hand, not negotiable, given by the defendant to the plaintiff. An account filed in set-off, being objected to by the plaintiff, was excluded by the Judge.

In defence, subject to objection, was introduced a written contract, by which the plaintiff was to deliver to the defendant, within certain times, quantities of timber and plank, at agreed prices; and evidence tending to show, that the timber was delivered, and a violation of the contract in respect to the plank, to the damage of the defendant; also evidence, that a contract by the plaintiff with S. Cobb & Co., for the delivery of timber and plank, similar to that with the defendant, was entered into, under which the timber was delivered and a note taken therefor on settlement, and an omission to deliver the plank.

The Judge instructed the jury, that if the plaintiff had not performed his contract to deliver the plank to the defendant, by reason of which non-performance, the defendant suffered actual damage, whatever the plaintiff was indebted to the defendant, for such damage, should be deducted from the plaintiff's claim in this suit, and if such damage was equal to, or greater than, the whole amount due upon the note, the plaintiff could not prevail.

The counsel for the defendant attempts to sustain the instructions upon the ground, that the note was given for the timber delivered under the contract, and the note not being negotiable, the whole contract for the delivery of the plank, as well as the timber, is open; and that the damage arising from the omission to deliver the latter, according to the contract, can be taken into consideration in this action.

The question is not presented, whether such a defence to the note can be made. We are to decide, whether the rulings and instructions of the presiding Judge were correct or otherwise; and we give no opinion upon the matter discussed on the part of the defendant, touching the right of the defendant to set up the plaintiff's violation of his contract, to prevent his recovery upon the note. The evidence, that the plaintiff had made a contract with S. Cobb & Co., and had settled for timber delivered by taking a note therefor, which was not negotiable, as was stated in testimony, was incompetent, for the purpose of proving that the note in suit was given for the timber, delivered under the plaintiff's contract with the defendant; and, moreover, it is difficult to perceive, how it tends to prove the consideration of a note, having no connection therewith.

But the instructions were not given, upon the hypothesis that the note in suit was made on account of the timber, which the plaintiff delivered to the defendant under the contract between them; but the right of the defendant to a verdict, was put exclusively upon the ground, that his damage by reason of the violation by the plaintiff of his agreement to deliver the plank, was equal at least to the amount of the

note, without regard to the consideration thereof. This, we think, was erroneous. *Exceptions sustained, verdict set aside, and new trial granted.*

APPLETON, MAY and GOODENOW, J. J., concurred.

HATHAWAY, J., concurred in the result.